IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERUSCHKA LLC n/k/a | § | |
| Bellatalia LP, | § | |
|     Movant, | § | |
| | § | |
| v. | § | MISC. CASE NO. H-05-285 |
| | § | |
| UNITED STATES SECURITIES AND | § | |
| EXCHANGE COMMISSION, | § | |
|     Respondent. | § | |

## ORDER

Veruschka LLC n/k/a Ballatalia LP initiated this miscellaneous case by filing a Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act ("RFPA") of 1978 ("Motion to Quash") [Doc. # 1]. The RFPA provides a mechanism for individuals to challenge a subpoena issued by a government agency to obtain records of bank customers. 12 U.S.C. § 3401. "To challenge a subpoena, a customer must file a motion to quash that includes an affidavit or sworn statement [stating] either that the financial records are not relevant to the agency's inquiry – and the reasons supporting his belief – or that the government has not substantially complied with the RFPA." *Sandsend Financial Consultants, Ltd. v. Federal Home Loan Bank Bd.*, 878 F.2d 875, 877 (5th Cir. 1989) (citing 12 U.S.C. § 3410(a)). The motion to quash must be filed within ten days after the subpoena is served and no later

than fourteen days after the subpoena is mailed. 12 U.S.C. § 3410(a). The government agency is not required to respond unless the movant's affidavit or sworn statement shows a factual basis for concluding that the requested records are not relevant to a legitimate law enforcement inquiry. *Hancock v. Marshall*, 86 F.R.D. 209, 211 (D.D.C. 1980).

In this case, Movant submitted the sworn statement of its managing partner, Ryan Reynolds, stating that the subpoena is overly broad and seeks only generic records that are not relevant to the law enforcement investigation. Movant has satisfied the basic requirements of § 3410(a) and, accordingly, it is hereby

**ORDERED** that by **August 19, 2005**, Respondent United States Securities and Exchange Commission shall file its sworn response to the Motion to Quash, which may be filed *in camera* if Respondent includes in its response the reasons which make *in camera* review appropriate. *See* 12 U.S.C. § 3410(b). It is further

**ORDERED** that Movant shall serve a copy of this Order on counsel for Respondent.

SIGNED at Houston, Texas, this **27th** day of **July, 2005**.

_____
Nancy F. Atlas
United States District Judge